FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 03, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KIMBERLY O.,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY,[1]<br><br>Defendant. | No. 1:19-CV-03108-JTR<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 13, 14. Attorney Chad Hatfield represents Kimberly O. (Plaintiff); Special Assistant United States Attorney Sarah Elizabeth Moum represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, IN PART,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Accordingly, the Court substitutes Andrew M. Saul as the Defendant and directs the Clerk to update the docket sheet. *See* Fed. R. Civ. P. 25(d).

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 1

Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on April 14, 2015, alleging disability since April 19, 2013, due to degenerative disc disease of the lumbar spine, psychosis, back surgery, bilateral knee pain, tachycardia, anxiety, depression, and obesity. Tr. 130-31. The applications were denied initially and upon reconsideration. Tr. 204-16, 219-37. Administrative Law Judge (ALJ) Laura Valente held a hearing on March 22, 2018, Tr. 56-102, and issued an unfavorable decision on April 24, 2018, Tr. 15-28. Plaintiff requested review by the Appeals Council. Tr. 289-90. The Appeals Council denied Plaintiff's request for review on March 18, 2019. Tr. 1-5. The ALJ's April 2018 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on May 21, 2019. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1977 and was 35 years old as of her alleged onset date. Tr. 26. She dropped out of high school after the 10th grade, and later completed her GED. Tr. 92, 1013. Her work history consists primarily of retail cashiering and caregiving. Tr. 70-73, 1013. In 2011 she had back surgery to address lumbar pain but reported no relief from surgery. Tr. 64, 549. She also had left knee surgery in 2011 and was supposed to have surgery on her right knee as well but was arrested and incarcerated for three years. Tr. 68, 82. While in prison she had periodic procedures on her knees, including aspiration and steroid injections. Tr. 655, 705, 891. She also received medication for her mental health impairments and a heart arrhythmia. Tr. 477, 656, 709, 966. Upon her release from prison, Plaintiff obtained part-time work sorting clothing at a thrift store, but reported interference from ongoing physical and mental limitations, including undergoing surgery on her

left wrist for tendonitis. Tr. 69-70, 77-84. She eventually stopped working in the fall of 2016.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of

1  entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is
2  met once a claimant establishes that a physical or mental impairment prevents the
3  claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4),
4  416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds
5  to step five, and the burden shifts to the Commissioner to show (1) the claimant
6  can make an adjustment to other work; and (2) the claimant can perform specific
7  jobs that exist in the national economy. *Batson v. Commissioner of Social Sec.*
8  *Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an
9  adjustment to other work in the national economy, the claimant will be found
10 disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

**ADMINISTRATIVE DECISION**

On April 24, 2018, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 18.

At step two, the ALJ determined Plaintiff had the following severe impairments: obesity, degenerative disk disease, degenerative joint disease of the right knee, arrhythmias, carpal tunnel syndrome of the right upper extremity, De Quervain's tenosynovitis in the left upper extremity, depressive disorder, anxiety disorder, personality disorder, and substance abuse disorder. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 18-20.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform sedentary exertion level work with the following limitations:

> Lift and/or carry 10 pounds occasionally and less than 10 pounds frequently; stand and walk two hours in an eight hour workday; sit six hours in an eight hour workday; occasionally push and pull, such as

for the operation of foot pedals, with the left lower extremity; occasionally climb ramps and stairs, but never ladders, ropes, and scaffolds; occasionally kneel, crouch, and crawl; frequently balance and stoop; occasionally engage in repetitive write activity such as for keyboarding; frequently gross handle with the right dominant upper extremity; and must avoid concentrated exposure to extreme cold, vibrations, and hazards. Also, the claimant has sufficient concentration, persistence, and pace for simple repetitive tasks in two hour increments with usual and customary breaks. The claimant should not work with the general public, but can work in the same room with a small group (approximately 10) coworkers, but not in coordination of work activity. She can adapt to simple workplace changes.

Tr. 21.

At step four, the ALJ found Plaintiff was unable to perform her past relevant work as a nurse assistant, cashier, garment sorter, child monitor, or sales clerk. Tr. 26.

At step five the ALJ found that, considering Plaintiff's age, education, work experience, and residual functional capacity, there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform, specifically identifying the representative occupations of bench hand and table worker. Tr. 26-27.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 27.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly rejecting the opinions of medical providers; (2) failing to find Plaintiff's impairments met or equaled a

listing at step three; (3) improperly rejecting Plaintiff's subjective complaints; and (4) making inadequate step five findings.

**DISCUSSION**

**1.    Medical opinion evidence**

Plaintiff argues the ALJ erred by improperly rejecting the medical opinion evidence from Dr. Pellicer, Dr. Cline, and PA-C Shuey. ECF No. 13 at 11-15.

When an examining physician's opinion is contradicted by another physician, the ALJ is required to provide "specific and legitimate reasons" to reject the opinion. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer her conclusions, she "must set forth [her] interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

An ALJ may discount the opinion of an "other source," such as a nurse practitioner, if she provides "reasons germane to each witness for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

   *a.  Dr. Pellicer*

Plaintiff attended a consultative physical exam with Dr. Mary Pellicer on June 16, 2015. Tr. 1011. Dr. Pellicer noted Plaintiff's conditions to include chronic back pain with radicular symptoms, weakness and decreased range of motion secondary to degenerative disc disease and status-post lumbar fusion; chronic pain and decreased range of motion in both knees secondary to arthritis; intermittent episodes of tachyarrhythmia; and mental health issues including anxiety, depression and anger issues. Tr. 1016. She opined Plaintiff was limited to standing and walking less than two hours in an eight-hour workday; sitting about six hours;

lifting and carrying ten pounds occasionally; and could not bend, squat, crawl, kneel or climb. *Id.*

The ALJ assigned "less weight" to Dr. Pellicer's opinion:

> she limited the claimant to less than two hours per day of standing and walking and lifting/carrying 10 pounds only occasionally; yet, the claimant demonstrated full strength in all extremities. Ex. B7F/6. She also opined that the claimant was completely precluded from bending, squatting, crawling, kneeling, or climbing due to back and knee pain, but no further explanation. Given the longitudinal record, including the inconsistencies identified above, I did not find this opinion as persuasive.

Tr. 25.

Plaintiff argues the ALJ's discussion is insufficient, noting the ALJ did not make any specific findings rejecting any aspect of the opinion. ECF No. 13 at 12. She further argues there were no inconsistencies, as Dr. Pellicer's objective exam findings supported the opined limitations, and the longitudinal record was overwhelmingly supportive of the opinion. *Id.* at 12-13. Defendant argues the ALJ provided sufficient reasons for discounting the opinion, including inconsistency with the longitudinal record and with Plaintiff's activities. ECF No. 14 at 12-13.

The Court finds the ALJ's rejection is insufficient, as it is not specific and legitimate. As noted above, the ALJ is required to do more than offer her conclusions, she "must set forth [her] interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988). The ALJ made broad reference to the "longitudinal record" and "inconsistencies identified above" without noting a single specific record that contradicted Dr. Pellicer's opinion. While Defendant invokes the ALJ's earlier discussion of the records, this discussion was offered in the context of assessing Plaintiff's subjective complaints and was not directly linked to any of Dr. Pellicer's findings or opined limitations. Defendant points to Plaintiff's minimal treatment

1 and the varying clinical findings as evidence contrary to Dr. Pellicer's opinion.
2 ECF No. 14 at 12. However, the record also contains objective findings consistent
3 with the opinion, including limited range of motion and tenderness in the knees
4 and the back, swelling of the knees, and abnormal imaging of the knees and back.
5 Tr. 646, 655, 656, 891, 978, 1276. While the ALJ noted the finding of full strength
6 in all extremities, Dr. Pellicer's exam was not without objective findings
7 supportive of the assessed limitations. Specifically, Dr. Pellicer noted Plaintiff
8 appeared in physical distress, was walking slowly, had difficulty getting on and off
9 the exam table, had tenderness and decreased range of motion to both knees and
10 her back, had a positive straight leg raise test on both sides, walked with a slow
11 and careful gait, and was unable to bend or squat. Tr. 1013-15.  Without a more
12 specific discussion, it is unclear what portions of the "longitudinal record" the ALJ
13 found inconsistent with Dr. Pellicer's exam, or what inconsistencies she was
14 referring to.

15 On remand, the ALJ shall reconsider Dr. Pellicer's opinion and offer specific
16 and legitimate reasons for the weight assigned.

17 b.  Dr. Cline

18 Plaintiff attended a consultative psychological exam with Dr. Rebekah Cline
19 in May 2015. Tr. 1006. Dr. Cline found Plaintiff's diagnoses to include major
20 depressive disorder, PTSD, panic disorder, and personality disorder. Tr. 1008. She
21 found Plaintiff had no more than moderate impairment in most areas of basic work
22 functioning, but found her markedly impaired in her ability to complete a normal
23 work day and work week without interruptions from psychologically based
24 symptoms and in maintaining appropriate behavior in a work setting. Tr. 1008-09.

25 The ALJ assigned this opinion minimal weight, explaining Dr. Cline did not
26 review any records in completing the opinion, did not provide an explanation for
27 the assessed limitations, and did not explain how the results of her testing
28 influenced the opinion (including testing that indicated some level of symptom

magnification). Tr. 25. The ALJ further noted Dr. Cline stated the assessed limitations would only last six to nine months, and thus would not meet the durational requirement under the regulations. *Id.*

Plaintiff argues the ALJ's reasoning is insufficient. Specifically, she argues that Dr. Cline's failure to review any records is irrelevant, given her status as an examining source with her own objective testing, and given that the ALJ failed to identify any contrary mental health records that contradicted Dr. Cline's opinion. ECF No. 13 at 14; ECF No. 15 at 4. Plaintiff also notes the exam included validity testing that indicated Plaintiff was not malingering, and even though Dr. Cline predicted Plaintiff's impairments would only last for six to nine months, they actually persisted for well over a year. ECF No. 13 at 15. Defendant argues the ALJ's reasoning was legally valid and constitutes specific and legitimate reasons for discounting the opinion. ECF No. 14 at 13-15.

The Court finds the ALJ did not err. The amount of explanation provided by a source is a relevant factor for the ALJ to consider. 20 C.F.R. §404.1527(c)(3). Dr. Cline documented Plaintiff's reports, including her high level of symptom reporting, but did not explain how she reached her conclusions regarding the marked limitations. Tr. 1008-09.

However, as this case is being remanded for further consideration of other medical evidence, the ALJ shall reevaluate the entire record in making the new decision.

    c. *PA-C Shuey*

A treating PA, Jackie Shuey, completed two health status reports regarding Plaintiff's elevation of her legs. In October 2014 she completed a note that read: "please allow elevation of feet as able during periods of sitting longer than 20 minutes." Tr. 598. In February 2015 she completed a second note that read: "please allow [Olson] to elevate legs as needed during prolonged sitting." Tr. 596.

Plaintiff argues the ALJ erred in failing to discuss these opinions or assign them weight. ECF No. 13 at 15. Defendant argues the notes are not significant and probative evidence as they did not contain specific requirements or limitations, and at best constituted a recommendation. ECF No. 14 at 15-17.

The Court finds the ALJ did not err. The notes do not contain specific requirements regarding how frequently or for how long Plaintiff needed to elevate her feet, noting the action should be allowed "as able" and "as needed." Furthermore, the second note was given following injections to Plaintiff's knees, when she was directed to limit strenuous activities over the next five days. Tr. 1079. Because these notes were not clear limitations and do not appear to have been intended as permanent, the ALJ did not err.

**2.    Step three**

At step three of the sequential evaluation process, the ALJ considers whether one or more of the claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). Each Listing sets forth the "symptoms, signs, and laboratory findings" which must be established for a claimant's impairment to meet the Listing. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). If a claimant meets or equals a Listing, the claimant is considered disabled without further inquiry. 20 C.F.R. § 416.920(d).

Plaintiff alleges the ALJ erred in failing to adequately explain why Plaintiff's conditions did not meet or equal listing 11.14 for peripheral neuropathy, and in making incorrect findings regarding the mental listings. ECF No. 13 at 16-17. Defendant argues the ALJ's findings are supported by substantial evidence and Plaintiff has offered no plausible explanation for how the listings are met. ECF No. 14 at 8-10.

    *a.  Listing 11.14*

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 10

To meet Listing 11.14B[2] for peripheral neuropathy, a claimant's impairments must result in a marked limitation in physical functioning and a marked limitation in one other area of functioning: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; or adapting or managing oneself. 20 C.F.R. Part 404, Subpart P, Appendix 1, §11.14B. For a claimant to be found to have a marked limitation in physical functioning, their neurological disorder must result in the individual being "seriously limited in the ability to independently initiate, sustain, and complete work-related physical activities." *Id*. at §11.00.G.2.a. The ALJ found Plaintiff's conditions did not reach this level of impairment. Tr. 19.

Plaintiff argues the ALJ erred in merely stating the requirements for the listing and summarily finding them not to be met. Plaintiff argues that the record demonstrates a marked limitation in physical functioning due to her back, knee, and wrist impairments, with difficulty ambulating at times and limitations performing activities of daily living. ECF No. 13 at 16-17.[3]

The Court finds the ALJ did not err. A boilerplate finding is insufficient to support a conclusion that a claimant's impairment does not meet or equal a listed impairment. *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001). However, the ALJ is not required to state why a claimant fails to satisfy every criteria of the listing if they adequately summarize and evaluate the evidence. *See Gonzalez v. Sullivan*, 914 F.2d 1197, 1200-01 (9th Cir.1990). The ALJ engaged in a thorough discussion of the medical evidence. Plaintiff has failed to offer an argument as to how the evidence indicates the requirements of the listing are met, other than an alternative interpretation of the records. "When the evidence is susceptible to more than one

---

[2] Plaintiff does not argue that 11.14A is met or equaled.

[3] The ALJ separately found Plaintiff was markedly limited in her ability to interact with others. Tr. 20.

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 11

rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Furthermore, Plaintiff's argument considers the overall impact of her knee, back, and wrist impairments. This argument amounts to an assertion that Plaintiff's impairments collectively *equal* a listing. Such a finding by an ALJ must be supported by testimony from a medical expert, not simply a review of the records. Social Security Ruling 17-2p. No such evidence exists. Therefore, the ALJ did not err.

      b. *Mental listings*

Plaintiff also argues that the ALJ erred in her evaluation of the mental listings. ECF No. 13 at 16-17.

Each of the mental listings under 20 C.F.R. Part 404, Subpart P, Appendix 1, §12.00 requires a showing of a marked limitation in two or severe limitation in one of the four areas of mental functioning known as the Paragraph B criteria: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; or adapting or managing oneself. §12.00.A.2.b.

The ALJ found Plaintiff was markedly impaired in interacting with others. Tr. 20. She further found moderate impairment in understanding, remembering, and applying information, as well as concentrating, persisting, and maintaining pace, and no limitation in adapting or managing oneself. *Id.*

Plaintiff argues the record does not support the ALJ's finding of no impairment in her ability to adapt and manage herself. ECF No. 13 at 16. She points to her history of incarceration, angry outbursts, and assaults as evidence of a marked impairment in this area. *Id.* Defendant asserts Plaintiff's disagreement with the ALJ's conclusion is insufficient to demonstrate legal error. ECF No. 14 at 10.

The Court finds the ALJ did not err. She explained her finding and referenced substantial evidence in the record. Tr. 20. While Plaintiff offers an

alternative interpretation of the records, it is insufficient to demonstrate that the ALJ's finding was wrong or that the listing is met.

However, because this claim is being remanded on other bases, the ALJ will be required to reevaluate the medical evidence and any additional evidence submitted and make new findings at each step of the sequential process, including step three.

**3.     Plaintiff's subjective complaints**

Plaintiff contends the ALJ erred by improperly rejecting her subjective statements. ECF No. 13 at 17-20.

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in the decision. Tr. 22. The ALJ noted Plaintiff's minimal treatment, largely normal exam findings, activities, and inconsistent statements as the basis for her rejection of the subjective allegations.

Because this claim is being remanded for reevaluation of the medical evidence, the ALJ shall also reconsider Plaintiff's subjective statements.

**4.     Step five findings**

Plaintiff argues the above errors resulted in an inaccurate RFC and a decision that is not supported by substantial evidence. ECF No. 13 at 20-21. Considering the case is being remanded for the ALJ to reevaluate the medical evidence, the ALJ shall also complete the five-step analysis and make a new step five determination as necessary.

## CONCLUSION

Plaintiff argues the ALJ's decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

The ALJ's RFC determination is not supported by substantial evidence in this case and must be reevaluated. On remand, the ALJ shall reevaluate the medical evidence and Plaintiff's subjective complaints, formulate a new RFC, obtain supplemental testimony from a vocational expert, if necessary, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1.     Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED IN PART**.

2.     Defendant's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

3.     The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4.  An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED June 3, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE